**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS SANCHEZ OLIVARES, AKA
Jose Luis Sanchez,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.    16-70560

Agency No. A200-569-484

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2026[**]
Pasadena, California

Before:  GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioner Jose Luis Sanchez Olivares, a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

dismissing his appeal of an Immigration Judge's ("IJ") (collectively, the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel previously granted Respondent's unopposed motion to submit this case on the briefs without oral argument. *See* Dkt. Nos. 76, 77.

"Agency") order denying Petitioner's applications for cancellation of removal and voluntary departure and denying Petitioner's motion to remand. We deny the petition.

"We review for substantial evidence a finding of statutory ineligibility . . . based on a lack of good moral character." *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). "We review for abuse of discretion an IJ's denial of a continuance." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

1.      Substantial evidence supports the Agency's determination that Petitioner is statutorily ineligible for cancellation of removal and voluntary departure. To qualify for cancellation of removal and voluntary departure, Petitioner was required to establish that he has been "a person of good moral character" during the relevant period preceding the date of his application. 8 U.S.C. §§ 1229b(b)(1), 1229c(b)(1). A petitioner is statutorily precluded from demonstrating good moral character if, during the relevant period, the petitioner "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." *Id.* § 1101(f)(7).

The Agency found that Petitioner was statutorily precluded from demonstrating his good moral character because he was incarcerated for more than 180 days in 2011 as the result of a DUI conviction. Petitioner was sentenced to serve 364 days of incarceration as well as a period of probation, and he actually

2

served 201 days in custody.

Petitioner nonetheless contends that the record is inconclusive as to the reason for Petitioner's 201-day incarceration and that his incarceration may have instead been related to an automobile accident. We disagree. The felony minute order from Petitioner's DUI conviction shows that he was committed to the sheriff's custody for 364 days.[1] As noted, following his sentencing for the DUI, Petitioner spent 201 days in custody.

Petitioner also argues that his incarceration was not "as a result of conviction," 8 U.S.C. § 1101(f)(7), because his sentence was suspended, and he served time only as a condition of probation. *See, e.g.*, *League of Women Voters of Cal. v. McPherson*, 52 Cal. Rptr. 3d 585, 593 (Ct. App. 2006) ("The defendant who has been placed on probation, therefore, is imprisoned by the court in a local facility as a condition of probation, not as a result of the conviction of a felony."). This argument was not exhausted before the BIA, so we do not consider it. *Suate-Orellano v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

2.  The IJ did not abuse his discretion in denying Petitioner's request to continue the final merits hearing to allow Petitioner's counsel additional time to investigate the details of Petitioner's incarceration. Given that the dates of

---

[1] Petitioner's motion to take judicial notice of the sentencing transcript (Dkt. No. 38) is **DENIED**.

Petitioner's incarceration were undisputed and that Petitioner's counsel failed to articulate any grounds justifying the request for additional time to investigate, the IJ reasonably concluded that Petitioner failed to demonstrate good cause for a continuance. *See* 8 C.F.R. § 1003.29; *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008) ("In the context of immigration proceedings, the decision to grant or deny continuances is in the sound discretion of the trial judge.").

Because Petitioner cannot show that the Agency erred in denying his request for a continuance, Petitioner's due process claim also fails. *See Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021) (requiring both agency error and substantial prejudice to establish a violation of due process).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 63.